**ORIGINAL**

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICAH SMITH
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Micah.Smith@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 16 2021

at 11 o'clock and 56 min. 9 M an
MICHELLE RYNNE, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 21- **CR 21-00119 SOM** |
| Plaintiff, | INDICTMENT |
| vs. | [18 U.S.C. §§ 2, 922(g)(1), 924(a)(2), 924(c)(1)(A)(i), and 1951; and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)] |
| MAKOA K.F. WILSON and JESSICA R. LORRIN, | |
| Defendants. | |

INDICTMENT

The Grand Jury charges:

## General Allegations

1.  In the summer of 2020, MAKOA K.F. WILSON and JESSICA R. LORRIN, the defendants, participated in three firearm-related offenses on the island of Oahu: an armed robbery of an illegal game room establishment located on Keaulana Avenue (the "Game Room") on or about July 15, 2020; a drug trafficking offense on or about August 18, 2020; and possession of ammunition after having each sustained a felony conviction on or about August 18, 2020.

2.  In connection with each of these firearm-related offenses, MAKOA K.F. WILSON and JESSICA R. LORRIN, the defendants, made use of a white General Motors Truck Company Yukon multipurpose vehicle (the "GMC Yukon"):

    a.  On or about July 15, 2020, WILSON and LORRIN drove in the GMC Yukon to the Game Room, which they robbed at gunpoint. After the robbery, WILSON and LORRIN departed from the Game Room in the GMC Yukon.

    b.  On or about August 18, 2020, WILSON and LORRIN possessed distribution quantities of methamphetamine while driving in the GMC Yukon. WILSON and LORRIN also possessed a privately made firearm (commonly referred to as a "ghost gun") in the GMC Yukon, which was available to protect them and the illegal drugs in their possession.

   c. In addition to possessing methamphetamine and a firearm in the GMC Yukon on or about August 18, 2020, WILSON and LORRIN possessed ammunition in the GMC Yukon that had been transported across state lines prior to their possession. It was a federal crime for WILSON and LORRIN to possess this ammunition because each of them had previously sustained a felony conviction and were aware of that fact.

Count 1
Hobbs Act Robbery
(18 U.S.C. §§ 1951 and 2)

On or about July 15, 2020, within the District of Hawaii, MAKOA K.F. WILSON and JESSICA R. LORRIN, the defendants, did knowingly and intentionally obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that WILSON and LORRIN did unlawfully take and obtain personal property, that is, United States currency and other items, from the persons and in the presence of employees of the Game Room, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the

employees' persons, that is, WILSON committed a robbery of employees of the Game Room and LORRIN aided and abetted that robbery.

All in violation of Title 18, United States Code, Sections 1951 and 2.

Count 2
Possession of Methamphetamine with Intent to Distribute
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A))

On or about August 18, 2020, within the District of Hawaii, MAKOA K.F. WILSON and JESSICA R. LORRIN, the defendants, did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Count 3
Firearm Offense
(18 U.S.C. § 924(c)(1)(A)(i))

On or about August 18, 2020, within the District of Hawaii, MAKOA K.F. WILSON and JESSICA R. LORRIN, the defendants, did knowingly possess a firearm, namely, a privately made firearm (commonly referred to as a "ghost gun") in furtherance of a drug trafficking crime for which they may be prosecuted in a

court of the United States, that is, the drug trafficking crime alleged in Count 2 of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## Count 4
Possession of Ammunition after Sustaining a Felony Conviction
(18 U.S.C. §§ 922(g)(1) and 924(a)(2))

On or about August 18, 2020, within the District of Hawaii, MAKOA K.F. WILSON and JESSICA R. LORRIN, the defendants, each having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, and each knowing that they had been convicted of such a crime, did knowingly possess ammunition, that is, multiple rounds of 9mm ammunition, with said ammunition having been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## First Forfeiture Notice

1.  The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture

pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice that, upon conviction of the offense in violation of Title 18, United States Code, Section 1951 set forth in Count 1 of this Indictment, MAKOA K.F. WILSON and JESSICA R. LORRIN, the defendants, shall forfeit to the United States any and all property, real or personal, that constitutes or is derived from proceeds traceable to the offense charged in Count 1 of this Indictment.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## Second Forfeiture Notice

1. The allegations set forth in Counts 3 and 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice that, upon conviction of the offenses in violation of Title 18, United States Code, Section 924(c) set forth in Count 3 of this Indictment and/or the offense in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) set forth in Count 4 of this Indictment, MAKOA K.F. WILSON and JESSICA R. LORRIN, the defendants, shall forfeit to the United States any firearms and ammunition involved in or used in those violations of law, including but not limited to the following: (i) the firearm referred to in Count 3; and (ii) the multiple rounds of 9mm ammunition referred to in Count 4.

3. If by any act or omission of the defendants, any of the property subject to forfeiture described in paragraph 2 above:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty,

the United States will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

## Third Forfeiture Notice

1.    The allegations set forth in Count 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 21, United States Code, Section 853.

2.    The United States hereby gives notice that, upon conviction of the offense in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) set forth in Count 2 of this Indictment, MAKOA K.F. WILSON and JESSICA R. LORRIN, the defendants, shall forfeit to the United States any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense charged in Count 2 of this Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count 2 of this Indictment.

3.  If by any act or omission of the defendants, any of the property subject to forfeiture described in paragraph 2 herein:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court; or

    d.    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p).

DATED: September 16, 2021, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
FOREPERSON, GRAND JURY

JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

MICAH SMITH
Assistant U.S. Attorney

United States v. Makoa K.F. Wilson and Jessica R. Lorrin
Indictment
Cr. No. CR 21-00119 SOM



9